# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.  Case No. 8:12-CR-45-T-35AEP

**SAMI OSMAKAC**
_____/

# **O R D E R**

THIS CAUSE is before the Court on the Defendant's Demand for Discovery (Dkt. No. 32), which the Court construes as a motion to compel discovery. In the Motion, the Defendant demands discovery pursuant to Rule 3.220 of the Florida Rules of Criminal Procedure. For the reasons set out herein, the Defendant's Demand for Discovery is due to be denied.

On February 10, 2012, this Court entered a Pretrial Discovery Order (Dkt. No. 18). As stated in the Order, the Court's Order is intended to "facilitate a self-executing procedure to regulate discovery proceedings in the instant action and minimize the number of 'routine or standard discovery motions' for which established rulings and precedent exist . . . ." *Id*. The Court's review of the Defendant's Motion indicates that the Motion seeks discovery of matters already addressed and which the Court's Order is clearly intended to address. The filing of such a motion results in a considerable waste of the Court's and counsel's time and energy. The due process rights which underscore such motions do not hinge upon a motion and order of this court. Thus, it is suggested, that in the future counsel should restyle his request and deal with the government directly. Only in those instances where the Government has failed to respond to the Court's Order are such motions necessary and then, only after counsel has attempted to resolve the matters in accordance with the cooperation provisions of the Pretrial Discovery Order.

Accordingly, the Defendant's Demand for Discovery is **DENIED**, and counsel is directed to carefully review the Court's Pretrial Discovery Order (Dkt. No. 18) and to file pleadings on behalf of his client only in regards to matters not covered by the Court's Order or in regards to matters that are disputed with the Government. Further, counsel is directed to note that discovery in this matter is not governed by Rule 3.220 of the Florida Rules of Criminal Procedure, but rather is governed by federal law, to specifically include Federal Rule of Criminal Procedure 16.

**Done and Ordered** in Tampa, Florida, this 19th day of April, 2012.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:

Counsel of Record