UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:12-CR-45-T-35AEP

SAMI OSMAKAC

**MOTION FOR PROTECTIVE ORDER
PERTAINING TO DISCOVERY**

The United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, by and through the undersigned Assistant United States Attorney, hereby moves this Court for a protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, seeking to prevent the dissemination of discovery materials derived from electronic surveillance conducted pursuant to the authority of the Foreign Intelligence Surveillance Act of 1978, as amended, 50 U.S.C. §§ 1801-1811 ("FISA") and other discovery materials provided in this case to persons not a party to, or otherwise involved in, this case. A proposed protective order accompanies this motion.

Counsel of record for the defendant, Charles P. Vaughn, Esq., has advised the undersigned that he does not object to the Court entering the accompanying proposed protective order.

**I. INTRODUCTION**

On February 17, 2012, the government filed a notice of Intent to Use Foreign Intelligence Act Surveillance Act Information, Dkt. No. 20, stating that it intends to enter into evidence or otherwise use or disclose at pre-trial hearings,

the trial, and other proceedings in this case information obtained or derived from electronic surveillance conducted pursuant to the authority of FISA. The government has disclosed declassified material collected pursuant to FISA to the defendant during discovery and will continue to disclose additional declassified materials collected pursuant to FISA. These materials, while declassified, are still sensitive, and their further dissemination should be governed by a protective order pursuant to Fed. R. Crim. Pro. 16(d)(1).

Further, during the course of the investigation in this case, an undercover agent of the Federal Bureau of Investigation participated in meetings with the defendant that were recorded by audio and video devices. These recordings have been disclosed to the defendant through counsel. The undercover agent's identity should be protected from public disclosure by the entry of a protective order limiting the further dissemination of recordings that could be used to identify the undercover agent.

## II. REQUESTED PROTECTIVE ORDER

It is requested that this Court order that the discovery material provided in this case not be reproduced or disseminated to persons not a party to, or involved in, this case, and that defense counsel be prohibited from allowing defendant unsupervised access to the material, except as provided below. It is further requested that the Court order that copies only be provided to those persons employed by defense counsel who are necessary to assist counsel in

preparation for trial, and to such persons as the defense deems necessary to further legitimate investigation and preparation of this case.

It is further requested that the protective order restrict any person who receives a copy of any document subject to this protective order from defense counsel from using such document in any way except to assist counsel for defendant in the investigation or preparation of this case, and from reproducing or disseminating any such document in any way to any other person or entity except as provided for in the order.

If defense counsel believes an exception should be made to the proposed protective order, the parties will confer and then seek guidance from this Court as necessary. The parties will advise the Court by letter of any agreed-upon exceptions made to the protective order.

The proposed protective order does not in any manner limit the right of defense counsel to reproduce or disseminate any document obtained from sources other than the government even if it is within the material provided to the defense by the government in the discovery process.

This protective order will not apply to FISA information that remains classified. All classified information will be governed by all applicable laws and rules applying to the disclosure and handling of classified information, the Classified Information Procedures Act, 18 U.S.C. App. 3 § 1 et seq., and any Order of this Court.

## III. ARGUMENT

It has been recognized by the Eleventh Circuit that discovery in criminal matters is meant to be a private process between the litigants and that discovery materials should generally not be disclosed outside of those individuals who are necessary for preparation for trial.  United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.").  Protective orders limiting the dissemination of discovery have been upheld in a number of situations.  See, e.g., United States v. Fischer, 137 F.3d 1158, 1165 (9th Cir. 1998) (finding that the district court did not abuse its discretion where it limited a defendant's access to discovery material provided by the government); United States v. Salemme, 978 F. Supp. 386, 389-90 (D. Mass. 1997) (protective order limiting the dissemination of discovery to anyone who was not necessary to assist counsel in a RICO conspiracy case).

As to the specific protective order requested here, similar protective orders have been approved in other cases involving FISA or national security information and undercover investigations.  See, e.g., United States v. Griffin, Case No. 1:07-CR-300 (E.D. Va. 2007), Dkt. No. 15 and docket report showing order dated 08/27/2007 (attached hereto as exhibits 1 and 2) (relating to protection of undercover recordings); United States v. Lindh, 198 F. Supp. 2d

739, 742 (E.D. Va. 2002) (issuing a protective order related to national security information and citing additional examples).

A protective order related to dissemination of discovery is appropriate in this case, given the importance and sensitive nature of FISA-derived discovery information. Unrestricted disclosure of the FISA recordings in this matter could adversely impact ongoing investigations to which those recordings pertain. Moreover, the government's disclosure of FISA-derived discovery in this case comes as a result of the Federal Bureau Investigation's ("FBI") decision to declassify that information. One of the factors that influences the FBI's decision to declassify this type of evidence is its concern – shared by its partners in the Intelligence Community – with whether there are adequate protections in place to address the non-disclosure of these materials to those who are not a party to the criminal proceedings or outside what is necessary for the parties adequately to prepare for trial. When such protections are not in place, the ability to obtain declassification in this and other matters is diminished. Thus, information that could otherwise be declassified and provided readily to the defense might only be provided under the protection of the Classified Information Procedure Act framework, with the attendant complications.

A protective order is further justified in this case related to the recordings of the undercover agent involved in this investigation. As is noted in the government's motion in Griffin, ex. 1, the identities and safety of undercover

agents can be compromised by the disclosure of recordings of those agents. Thus, there is good cause to enter a protective order on this basis as well.

### IV.  CONCLUSION

The United States respectfully requests that the Court enter the accompanying protective order.

        Respectfully submitted,

        ROBERT E. O'NEILL
        United States Attorney

By:   *s/ Sara C. Sweeney*
       SARA C. SWEENEY
       Assistant United States Attorney
       USA No. 0000119
       400 North Tampa Street, Suite 3200
       Tampa, Florida 33602
       Telephone:  (813) 274-6000
       Facsimile:   (813) 274-6178
       E-Mail: sara.sweeney@usdoj.gov

U.S. v. Osmakac   Case No. 8:12-CR-45-T-35AEP

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Charles P. Vaughn, Esq.

Paul L. Militello, Esq.

By: */s/ Sara C. Sweeney*
SARA C. SWEENEY
Assistant United States Attorney
USA No. 0000119
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6178
E-Mail: sara.sweeney@usdoj.gov

N:\_Criminal Cases\O\OSMAKAC, Sami_2011R00291_SCS\p_motion for protective order.wpd

7