# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:07CR300 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S MOTION FOR |
| ADRIAN GRIFFIN | ) | PROTECTIVE ORDER TO LIMIT |
| | ) | DISSEMINATION OR DUPLICATION |
| Defendant. | ) | OF UNDERCOVER VIDEOS |

Now comes the United States of America, by and through its attorneys, Gregory A.

White, United States Attorney, and Kelly L. Galvin, Assistant United States Attorney, and hereby

requests that this Court order counsel for the defendant and the defendant not to duplicate or

otherwise disseminate undercover videos of controlled purchases.

For the reasons set forth more fully in the memorandum attached hereto and incorporated

herein, the United States respectfully requests the Government's motion be granted.

**MEMORANDUM**

This defendant is one of sixteen individuals indicted during an eighteen month

investigation.  Throughout the investigation, various techniques were utilized to record drug and

firearm transactions.  The government has provided the recorded transactions via cassette tapes

and  DVD CDs.  The investigation involved the use of confidential informants and undercover

agents to conduct the transactions.  Specifically, the identities of the informants and agents, as

well as other individuals not involved with the transactions, can be viewed and/or heard on the

- 2 -

CDs and tapes.

The government has complied with Fed. Crim. R. 16 and provided the tapes and CD's in discovery. However, the government seeks a protective order prohibiting the defendant or his counsel from duplicating or disseminating the materials provided to anyone else. The dissemination of the contents of the CDs and tapes is potentially detrimental to the informants and undercover agents. The government cannot think of any lawful purpose in the duplication or dissemination of those electronic media to anyone other than the defendant and his counsel. Dissemination and duplication will only serve to endanger the lives of the informants and agents, and other individuals not associated with the investigation.

Specifically, the government has concerns that should the CDs be duplicated and disseminated they may be used to identify agents and create a grave risk of death or physical harm. Currently, the government has knowledge of several internet websites created to post the identities of undercover agents and informants in order to warn potential suspects, such as: www.whosarat.com and www.scumbadge.com. In 2005, two ATF agents' photographs were placed on the website, causing obvious concern for their physical safety as well as harming their potential as undercover agents.

Throughout the course of the eighteen month investigation the government utilized several different informants. One of those informants has already been threatened and placed in protective custody. Even though the government's privilege to withhold the identity of an informant is well-recognized, *McCray v. Illinois*, 386 U.S. 300, 308-13 (1967); *Scher v. United States*, 305 U.S. 251, 254, 59 (1938), in order to comply with discovery rules the government produced the CDs and tapes.

- 3 -

The government seeks a protective order pursuant to Fed. Crim. R. 16(d)(1) which states:

At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.  The court may permit a party to show good cause by a written statement that the court will inspect *ex parte*.  If relief is granted, the court must preserve the entire text of the party's statement under seal.

The government believes it has demonstrated good cause to prohibit the disclosure of discovery to anyone but the defendant and his counsel.  There is no legitimate purpose for the CDs to be duplicated, shown, or released to anyone other than the defendant and counsel for the defendant.  To the contrary, to do so would create the potential for violence.  The safety of the agents and informants is of exceptional importance.  Should the court request more information the government would request to file additional information *ex parte*.

The government respectfully requests this Court prohibit the production, duplication, and/or dissemination of the CDs and tapes provided in discovery to anyone other than the defendant or his counsel for good cause shown.

Respectfully submitted,

GREGORY A. WHITE
United States Attorney

By: /s/Kelly L. Galvin     
   Kelly L. Galvin
   Assistant U.S. Attorney
   Registration #0062585
   U.S. Courthouse, Suite 400
   801 West Superior Avenue
   Cleveland, Ohio  44113
   Telephone: (216) 622-3731
   Facsimile:  (216) 522-8355
   Kelly.L.Galvin@usdoj.gov

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government's Motion for Protective Order was filed electronically on August 8, 2007.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this system through the Court's system.

/s/Kelly L. Galvin
Kelly L. Galvin
Assistant U. S. Attorney