UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-v-                                                     CASE NUMBER: 8:12-CR-45-T-35-AEP

SAMI OSMAKAC,

    Defendant.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
REQUEST FOR *BRADY*, *GIGLIO*, FEDERAL RULE OF CRIMINAL
PROCEDURES 16 AND JENCKS MATERIAL**

    **COMES NOW** the Defendant, SAMI OSMAKAC, by and through his attorney files this Memorandum in Support of Motion for Request for *Brady, Giglio* and Fed. R. Crim. P. 16 and Jencks Material and would state:

    1.    A defendant should be afforded the opportunity to present facts it believed could lead to the conclusion that a witness has testified against him because the witness favors the prosecution or was hostile to the defendant.  Evidence of all facts and circumstances, which tend to show that a witness may shade his testimony for the purpose of helping to establish one side of a cause only should be received.  U.S. v. Haggett, 438 F.2d 396 (2nd Cir. 1971)

    2.    In some cases a defendant is entitled to advanced information as to facts, which might seriously detract from the credibility of a government witness.  This is particularly important when speaking of a confidential informant who may be promised immunity or leniency in exchange for their testimony.  U.S. v. Quinn, 543 F.2d 640 (8 Cir. 1976)  The government should make complete and timely disclosures to the defendant concerning any fee arrangements with an informant.  The defendant must have adequate opportunity to cross-

examine the informant and government agents about any arrangements for compensation. U.S. v. Goff, 847 F.2d 149 (5th Cir. 1988), opinion modified by rehearing (July 18, 1988).

      3.      Brady v. Maryland, 373 U.S. 83 (1963) hereafter referred to as the *Brady* Rule requires the prosecution to provide any evidence to the defendant which is favorable to the defendant. Since the defendant is requesting specific material, the standard of materiality is, if it would tend to exculpate or reduce the penalty. U.S. v. Dupui, 760 F.2d 1492 (9th Cir. 1985) The *Brady* Rule applies to impeachment and exculpatory evidence.

      4.      The *Brady* obligation extends to all material information known to the prosecutor. The prosecutor is presumed to have knowledge of all information gathered in connection with his office's investigation of the case and indeed has a duty to learn of any favorable evidence known to others acting on the government's behalf in a case, including the police. U.S. v. Avellino, 136 F.3d 246 (2nd Cir. 1998)

      5.      The government is to disclose any agreement between a witness and the government that might motivate the witness to testify. Giglio v. U.S., 405 US 9150 (1972).5.

      6.      A special agent's report prepared by a special agent of the IRS, summarizing his pre-trial investigation is a statement under the Jencks Act. U.S. v. Sorrentino, 726 F.2d 876 (1st Cir. 1984)

      7.      In the course of joint investigations undertaken by the United States and foreign law enforcement officials, the most the Jencks Act requires of the United States officials is a good faith effort to obtain the statements of prosecution witnesses in the possession of foreign government. U.S.v. Paternina-Vergara, 749 F.2d 993 (2nd Cir. 1984)

8.     One of the major purposes of this motion is to prevent any issues which could arise as has been explained in multiple precedents of the United States Supreme Court and the lower courts.  The relevant cases to prevent any type of issues arising with reference to the information requested can be found in <u>Banks v. Drepke</u> 540 U.S. 668 (2004), <u>Graves v. Drepke</u> 442 F.3d. 334 (5th Cir. 2004), <u>Kyles v. Whitley</u> 514 U.S. 419 (1995).

9.     The issue of informants is particularly sensitive in a case such as this.  The courts have required disclosure with reference to informants on multiple occasions.  On three occasions, the U.S. Supreme Court has spoken to this issue.  The first is <u>Banks</u> supra, <u>Roviaro v. United States</u> 353 U.S. 53 (1957) and <u>Lee v. United States</u> 343 U.S. 747 (1952).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 6th day of March 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing the following:  United States Attorney's Office, 400 N. Tampa Street, Room 3200, Tampa, Florida 33602.  I further certify that I mailed the foregoing document and the notice of electronic filing by first - class mail to the following non-CM/ECF participants: _____.

LAW OFFICES OF TRAGOS & SARTES, P.L.

 /s/ George E. Tragos
GEORGE E. TRAGOS, ESQ.
601 Cleveland Street, Suite 800
Clearwater, FL 33755
(727) 441-9030
SPN 00000117
Florida Bar No. 184830
E-mail: george@greeklaw.com