**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **CASE NO. 8:12-CR-45-T-35AEP**

**SAMI OSMAKAC_____/**

## ORDER

THIS MATTER is before the Court on Defendant's Motion Requesting Disclosure of FISA Interceptions and Ancillary CIPA Restrictions in Support of Evidence to be Presented by Defendant of Entrapment (Dkt. No. 98), Second Amended Motion Requesting Disclosure of FISA Interceptions and Ancillary CIPA Restrictions in Support of Evidence to be Presented by Defendant of Entrapment (Dkt. No. 100), and Supplemental Motion to Second Motion for Disclosure of FISA Interceptions and Ancillary CIPA Restrictions in Support of Evidence to be Presented (Dkt. No. 121) (collectively "FISA motions").  By the FISA motions, the Defendant seeks the disclosure of classified materials filed with the Foreign Intelligence Surveillance Court ("FISC"). For the reasons set forth below, the Defendant's FISA motions are due to be denied.

**Background**

Sami Osmakac ("Osmakac" or "the Defendant") was arrested on January 7, 2012, on the basis of a Criminal Complaint.  (Dkt. No. 1.)  The Defendant made his initial appearance on January 9, 2012, and was detained pending trial.  (Dkt. No. 7.)  On February 2, 2012, the grand jury returned a two-count indictment charging the Defendant with attempting to use a weapon of mass destruction against persons and property within the United States, in violation of 18 U.S.C. § 2332a(a)(2), and with possession of an

unregistered machine gun, in violation of 26 U.S.C. § 5861(d).  (Dkt. No. 10.)  On February 17, 2012, the United States filed its Notice of Intent to Use FISA Information. (Dkt. No. 20.)

On March 6, 2013, the Defendant filed a "Motion Requesting Disclosure of FISA Interceptions and Ancillary CIPA Restrictions in Support of Evidence to Be Presented by Defendant of Entrapment."  (Dkt. No. 98.)  This was followed by a substantially similar amended motion on March 7, 2013.  (Dkt. No. 100.)  The government then responded in opposition to the Defendant's FISA motion on March 29, 2013.  (Dkt. No. 107.)  On May 2, 2103, the Defendant supplemented his motions for FISA information by requesting the disclosure of the United States' FISA applications and the resulting orders.  (Dkt. No. 121 at 3.)  The government responded in opposition on June 14, 2013.  (Dkt. No. 132.)[1]

**Findings**

FISA contains specific and detailed procedures required for obtaining orders to authorize electronic surveillance and physical searches of a foreign power or an agent of a foreign power.  To begin the FISA process, an application approved by the Attorney General that contains specific information is filed *ex parte* and under seal with the FISC. 50 U.S.C. §§ 1804(a), 1823(a). The FISC must make necessary, specific findings after reviewing an application and before entering an *ex parte* order. 50 U.S.C. §§ 1805(a), 1823(a).  The order must specify and direct certain information and conduct.  50 U.S.C. §§ 1805(c)(1)-(2), 1824(c)(1)-(2).  In this case, the Court has reviewed the Defendant's FISA motions and the government's response and the attachments thereto, including

---

[1] The government filed both a classified and an unclassified Memorandum in Opposition to the defendant's FISA motions.  All references herein to the government's response are to the unclassified Memorandum.

applications, orders, and related materials ("the FISA materials").  After a thorough *in camera, ex parte* review of all the materials submitted by the parties, the Court makes the following findings.

(1)  The President has authorized the United States Attorney General to approve applications for electronic surveillance and for physical searches for foreign intelligence information and purposes.

(2)  Each application was made by a federal officer and approved by the Attorney General.  50 U.S.C. §§ 1805(a)(1), 1824(a)(1).

(3)  Each application contained facts establishing probable cause to believe that the target of the electronic surveillance, physical search, or both, was at the time an agent of a foreign power.  50 U.S.C. §§ 1801(b)(2), 1805(a)(2)(A), 1824(a)(2)(A).

(4)  No United States person was determined to be an agent of a foreign power solely upon the basis of activities protected by the First Amendment to the United States Constitution.  50 U.S.C. §§ 1805(a)(2)(A), 1824(a)(2)(A).

(5)  Each application made pursuant to 50 U.S.C. § 1804 contained facts establishing probable cause to believe that each of the facilities or places at which the electronic surveillance was directed was being used, or was about to be used, by a foreign power or an agent of a foreign power.  50 U.S.C. § 1805(a)(2)(B).

(6)  Each application made pursuant to 50 U.S.C. § 1823 contained facts establishing probable cause to believe that the premises or property to be searched was or was about to be owned, used, possessed by, or was in transit to or from, an agent of a foreign power or a foreign power.  50 U.S.C. § 1824(a)(2)(B).

(7)   Each application made pursuant to 50 U.S.C. § 1823 contained facts establishing probable cause to believe that the premises or property to be searched contained foreign intelligence information.  50 U.S.C. §1824(a)(3)(B).

(8)   The minimization procedures incorporated into the applications and orders met the requirements of 50 U.S.C. §§ 1801(h) or 1821(4).  50 U.S.C. §§ 1805(a)(3), 1824(a)(3).   Further, the Government implemented such minimization procedures in conformity with an order of authorization or approval.

(9)   Each application contained all of the statements and certifications required by 50 U.S.C. §§ 1804 or 1823.  50 U.S.C. §§ 1805(a)(4), 1824(a)(4).

(10)   No certification in an application for a target who was at the time a United States person was clearly erroneous on the basis of the statement made pursuant to 50 U.S.C. §§ 1804(a)(6)(E) or 1823(a)(6)(E) or any other information furnished under 50 U.S.C. §§ 1804(c) or 1823(c).  50 U.S.C. §§ 1805(a)(4), 1824(a)(4).

(11)   A "significant purpose" of the Government's collection pursuant to FISA was to collect foreign intelligence information.   50 U.S.C. §§ 1804(a)(6)(B), 1823(a)(6)(B).  And the "significant purpose" standard is constitutional under the Fourth Amendment.  *See United States v. Duka*, 671 F.3d 329, 343-345 (3d Cir. 2011).

(12)   Each order issued by the FISC satisfied the requirements of 50 U.S.C. §§ 1805(c) or 1824(c).

(13)   Each order issued by the FISC satisfied the requirements of 50 U.S.C. §§ 1805(d) or 1824(d).

(14)   Disclosure to the defense of the FISA materials is not required because the Court was able to make an accurate determination of the legality of the electronic

surveillance and physical searches without disclosing the FISA materials or any portions thereof.

## Discussion

Osmakac seeks materials that were presented to the FISC, including the resulting FISC orders, that provided the legal basis for the electronic surveillance and physical searches from which some of the evidence that will be used against him was acquired. By requesting this Court "to review and disclose the underlying FISA applications and orders," which calls for the disclosure of classified materials filed with the FISC (the FISA materials), Osmakac is seeking discovery of material that FISA specifically protects from such disclosure, except as provided in 50 U.S.C. §§ 1806(f), (g) and 1825(g), (h) (*i.e.,* if disclosure is necessary for the Court to make a determination of the legality of the surveillance, or if due process requires discovery or disclosure).[2]

Osmakac seeks disclosure of the FISA materials only under the statutory provisions of FISA and its legislative history. He offered no other support for his request through case law or Constitutional provisions. Therefore, this Court limited its review based on the framework established by Osmakac.

The Attorney General filed a sworn declaration in this case stating that disclosure of the FISA materials or an adversary hearing would harm the national security of the United States. Accordingly, as mandated by FISA, this Court conducted an *in camera*, *ex parte* review of the FISA materials to determine whether the information was lawfully

---

[2] Two distinct due process considerations governed this Court's consideration. First, this Court considered whether the *in camera*, *ex parte* review process mandated by FISA Sections 1806(f) and 1825(g) accorded with due process. It does. Second, this Court considered whether the FISA materials contain any information that due process requires be disclosed to Osmakac (*e.g.*, *Brady* material) under FISA Sections 1806(g) and 1825(h). They do not.

acquired and whether the electronic surveillance and physical searches were made in conformity with an order of authorization or approval (*i.e.,* were lawfully conducted). This *in camera*, *ex parte* review process under FISA satisfies due process under the United States Constitution.  *See, e.g.*, *United States v. Butenko*, 494 F.2d 593, 607 (3d Cir.), *cert denied sub nom*, *Ivanov v. United States*, 419 U.S. 881 (1974); *United States v. Damrah*, 412 F.3d 618, 624 (6th Cir. 2005); *United States v. Warsame*, 547 F. Supp. 2d 982, 988-89 (D. Minn. 2008); *United States v. Spanjol*, 720 F. Supp. 55, 58-59 (E.D. Pa. 1989).  In conducting that review, the Court may disclose the FISA materials "only where such disclosure is necessary to make an accurate determination of the legality of the surveillance [or search]."  50 U.S.C. §§ 1806(f), 1825(g).

The FISA materials here are well organized and readily understood, and the Court does not require the assistance of the defense to make an accurate determination of the legality of the electronic surveillance and physical searches.  Thus, there is no valid, legal reason for disclosure of any of the FISA materials to Osmakac.  *See United States v. Duggan*, 743 F.2d 59, 78 (2d Cir. 1984) (holding that disclosure should occur only if the court determines that such disclosure is necessary to make an accurate determination of the legality of the surveillance).

As a result of the Court's thorough *in camera, ex parte* examination of the materials filed under seal by the government, the Court finds that the FISC materials provide all of the information needed to address Osmakac's FISA motions.  The Court finds that the Government satisfied FISA's requirements to obtain orders for electronic surveillance and physical searches; that the information obtained pursuant to FISA was

lawfully acquired; and that the electronic surveillance and physical searches were made in conformity with an order of authorization or approval.

Additionally, there is no basis for disclosure of the FISA materials pursuant to 50 U.S.C. §§ 1806(g) and 1825(h).  Such disclosure is only permitted if this Court's *in camera, ex parte,* review disclosed that due process requires discovery or disclosure.  The Court finds that due process does not require disclosure of the FISA materials to Osmakac.

Although federal courts are not in agreement whether the FISC's probable cause determinations should be reviewed *de novo* or accorded deference, the Court finds that the materials that it reviewed *in camera, ex parte* would be satisfied under either standard. This Court also finds that the probable cause requirement of FISA comports with the requirements of the Fourth Amendment to the United States Constitution.  *See e.g.*, *United States v. Isa*, 923 F.2d 1300, 1304 (8th Cir. 1991).

Furthermore, the certifications submitted in support of a FISA application should be "subjected only to minimal scrutiny by the courts," *United States v. Badia*, 827 F.2d 1458, 1463 (11th Cir. 1987), and are to be "presumed valid."  *Duggan*, 743 F.2d at 77 & n.6 (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978); *United States v. Campa*, 529 F.3d 980, 993 (11th Cir. 2008); *United States v. Sherifi*, 793 F. Supp. 2d 751, 760 (E.D. N.C. 2011) ("a presumption of validity [is] accorded to the certifications"); *U.S. v. Nicholson*, No. 09-CR-40-BR, 2010 WL 1641167, at *5 (D. Or. Apr. 21, 2010) (quoting *U.S. v. Rosen*, 447 F. Supp. 2d 538, 545 (E.D. Va. 2006)); *Warsame*, 547 F. Supp. 2d at 990 ("a presumption of validity [is] accorded to the certifications").  If the target is a United States person, the district court should also ensure that each certification is not

"clearly erroneous." *Campa*, 529 F.3d at 994; *Duggan*, 743 F.2d at 77; *U.S. v. Kashmiri*, No. 09-CR-830-4, 2010 WL 4705159, at *2 (N.D. Ill. Nov. 10, 2010). A certification is clearly erroneous only when "the reviewing court on the [basis of the] entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005); *United States v. Islamic American Relief Agency ("IARA")*, No. 07-00087-CR-W-NKL, 2009 WL 5169536, at *4 (W.D. Mo. Dec. 21, 2009). Applying these standards, this Court finds that the certifications at issue here were made in accordance with FISA's requirements.

Lastly, the Sixth Amendment's right to confrontation is not a basis for granting access to the FISA materials at issue. The right to confrontation is "not absolute" and may bow to accommodate legitimate interests in the criminal trial process without violating the defendant's Sixth Amendment rights. *Isa*, 923 F.2d at 1306-07.

**Conclusion**

With the above findings and analysis, the Court determines that:

(1) The electronic surveillance and physical searches conducted pursuant to FISA were lawfully authorized and lawfully conducted in compliance with the Fourth Amendment.

(2) The electronic surveillance and physical searches at issue were both lawfully authorized and lawfully conducted in compliance with FISA.

**IT IS HERBY ORDERED** that the Defendant's FISA motions (Dkt. Nos. 98, 100, and 121) are **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that the Government's FISA applications, orders, and other related materials and its classified submissions for this matter are **SEALED** and shall be retained in accordance with established security procedures by the Classified Information Security Officer or his/her designee.

**DONE AND ORDERED** this 3rd day of September, 2013

ANTHONY E. PORCELLI
United States Magistrate Judge