**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**-v-**                                    **CASE NUMBER: 8:12-CR-45-T-35-AEP**

**SAMI OSMAKAC,**

    **Defendant.**
_____/

**DEFENDANT'S OBJECTIONS TO MOTION FOR PROTECTIVE ORDER**
**PERTAINING TO THE TESTIMONY OF UNDERCOVER AGENT AT TRIAL**
**AND INCORPORATED MEMORANDUM OF LAW**

    **COMES NOW**, the Defendant, **SAMI OSMAKAC**, by and through his undersigned

attorney hereby objects to the Government's Motion for a Protective Order Pertaining to the

Testimony of Undercover Agent at Trial and would state:

    1.    The Defendant does not object to Protective Measures numbered 1, 3, 4, 6, 7, and

8.  The Defendant wishes a detailed clarification as to number 2 and does object to Protective

Measure number 5.

    2.    With regards to Protective Measure No. 2, the Defendant does not object to

identifying information such as name, address and Social Security number, however, the

Defendant will wish to cross-examine the UCE with reference to prior work activity, prior

undercover activity, education, and training.  The Defendant believes that these are necessary in

order for the jury to evaluate the credibility of the witness.  The courts have always taken the

position that there must be a balancing between the Government's interest in protecting the

information against the defendant's need for it.  U.S. v. Sarkissian, 841 F.2d 959 (9th Cir. 1988).

3.      CIPA Section 4 puts the burden on the Government to make a sufficient showing that the classified information must be protected from disclosure.  Since this information is information which goes to impeachment and the credibility of a witness, then due process requires that the defendant be allowed to cross-examine the UCE on these areas.  Brady v. Maryland, 373 U.S. 83 (1963).

4.      Through discussions with the Assistant United States Attorney the Government indicated that it was not seeking to prevent the type of questions relating to education, work experience and the like but only the name, address, and Social Security number.  The Defendant requests that this Court issues an order limiting the protective measure sought in No. 2 so it is clear that the defense is not restricted from asking other types of questions.

5.      With reference to Protective Measure No. 5, the Defendant believes that such a display in the courtroom would unduly prejudice the Defendant in the eyes of the jury.  All of the concerns addressed in the Holley Affidavit are satisfied by the other protective measures requested by the Government.

6.      The UCE would be using a pseudonym, be disguised, use a secret entrance, be digitally obscured on any recorded video footage, all non-official recordings would not show the UCE, and there would be no public disclosures.  The mere fact that the courtroom will have individuals present that are not essential is not so egregious as compared to clearing the courtroom and its effects on the jury.  Clearing the courtroom would indicate that the UCE is a special witness, requiring special treatment, and thereby giving him special credibility.  The other measures requested by the Government can be done in such a way as to not alert the jury to their existence.  This measure would be so obvious and the aura of its existence in the courtroom would be so substantial as no juror could ignore it.

7.      The Government cites <u>Waller v. Georgia</u>, 467 U.S. 39 (1984) to support its position.  The Government is correct when it says the right to a public trial assures the Defendant receives a fair trial, promotes the integrity of the fact finding process, preserves the public confidence in the criminal justice system, and affords the community an outlet to address crime. The Government quoted a section of <u>Waller</u> with regards to four factors in determining whether or not a party is justified in closing proceedings.  The overriding interest alleged by the Government is satisfied and protected by the other measures requested in the Government's motion.  What the Government is requesting is broader than necessary to protect that interest. The <u>Waller</u> court instructed the trial court to consider reasonable alternatives and those reasonable alternatives are the protective measures to which the defendant is not objecting.

8.      The Defendant asks this Court to not go any broader than necessary.  In <u>Brown v. Artuz</u>, 283 F.3d 492 (2nd Cir. 2002) the undercover officer's safety was at issue.  The safety of this UCE would only be compromised if his identity was revealed in the courtroom.  Since the procedure outlined by the Government would still allow non-essential personnel to hear all the testimony and would only block out the face of the undercover officer, the same testimony would be heard by those sitting in the courtroom and therefore there would be no additional safety concerns.  The fact that individuals sitting in the courtroom would see the UCE's disguised face in addition to hearing the testimony would not increase the risk of the officer's safety taking into account all the other measures the Government would have in place.  The non-essential personnel would not be able to take photographs, presumably they would not be able to make sketches, they would just hear the testimony and see someone whose identity would not be revealed during their testimony through a disguise.

9.      As an alternative the Defendant would suggest that the Defendant's family be allowed to remain in the courtroom.  The family has been fully vetted by the Government.  If there are specific concerns about individuals who are in the courtroom other than family then the Government can raise those with the court.  If those concerns must be raised through specific non-public disclosures, the judge can make the appropriate findings in an *in camera* proceeding. It is just too broad to say that all non-essential personnel are to be banned.  If a jury sees family members or others have been in the courtroom every day and today the back rows are empty, the prejudicial impact cannot be avoided.

**WHEREFORE**, the Defendant, **SAMI OSMAKAC**, moves the Honorable Court to issue an order denying the Government's Protective Measure No. 5 and providing a more detailed explanation as to what would or would not be allowed under Protective Measure No. 2.

Respectfully submitted,

LAW OFFICES OF TRAGOS & SARTES, P.L.


*/s/ George E. Tragos*

## <u>CERTIFICATE OF SERVICE</u>

     **I HEREBY CERTIFY** that on  5th  day of September 2013,  I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing the following:   United States Attorney's Office, 400 N. Tampa Street, Room 3200, Tampa, Florida 33602.  I further certify that I mailed the foregoing document and the notice of electronic filing by first - class mail to the following non-CM/ECF participants: _____.

                               LAW OFFICES OF TRAGOS & SARTES, P.L.


                                       */s/ George E. Tragos*
                                       GEORGE E. TRAGOS, ESQ.
                                       601 Cleveland Street, Suite 800
                                       Clearwater, FL 33755
                                       (727) 441-9030
                                       SPN 00000117
                                       Florida Bar No. 184830
                                       E-mail: george@greeklaw.com
                                                          pam@greeklaw.com