UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                         Case No. 8:12-CR-45-T-35AEP

SAMI OSMAKAC

## UNITED STATES' TRIAL BRIEF REGARDING HEARSAY AND CONFRONTATION CLAUSE ISSUES

The United States of America, by A. Lee Bentley, III, Acting United States Attorney, through its undersigned attorney, hereby respectfully files the United States' Trial Brief regarding the hearsay and Confrontation Clause issues the government anticipates arising during trial in this matter.[1]  The government intends to offer into evidence video and audio recordings containing statements of the defendant and other individuals, some of whom will be testifying and others of whom will not be testifying.  Regardless, the government contends that so long as the proper foundation for the admission of the recordings is laid, *see* Government's Trial Brief Regarding the Admissibility of Recordings and Transcripts, Dkt. No. 182, the rules against hearsay and the Confrontation Clause will not bar the use of this evidence against the defendant.

---

[1]   Due to the number of issues to be briefed in this case, the United States has elected to file separate trial briefs on different issues for ease of reference and to comply with the Local Rules governing page length.

1

### *1. Defendant's statements are not hearsay when introduced by the government.*

The government will seek to offer against the defendant his prior statements in recordings of meetings and phone calls.  Federal Rule of Evidence 801 defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  "When the statement is offered to prove something other than the truth of what it contains, it is not hearsay and is not inadmissible for that reason."  Hon. J. Cissell, Federal Criminal Trials, at § 21-3 Non-Hearsay (6th Ed. 2003); *see United States v. Shepherd*, 739 F.2d 510, 514 (10th Cir. 1984) (an out-of-court statement is hearsay only if it is offered for its truth).

Additionally, statements of an opposing party offered against that party are not hearsay.  Fed. R. Evid. 801(d)(2); *United States v. Munoz*, 16 F.3d 1116, 1120 (11th Cir. 1994) ("a statement is not hearsay if it is the statement of the party against whom it is offered"); *United States v. Rodriguez*, 427 F. App'x 784, 790 (11th Cir. 2011) (finding defendant's statement during telephone conversation admissible as an admission by a party opponent); *see also United States v. Price*, 792 F.3d 994, 997 (11th Cir. 1986) (statements made by a third party during a telephone conversation with the defendant were admissible to help the jury understand the statements made by Price himself.).  However, a party may not introduce his own statements for the truth of the matter without violating the hearsay rules.  Fed. R. Evid. 801(c).  Thus, while the United States may seek

to introduce Osmakac's statements, he cannot likewise seek to introduce his own statements for the truth of the matter asserted.

### 2. The Confrontation Clause does not bar the government's introduction of recorded conversations.

The defendant may attempt to argue that the government may not introduce his statements without calling the other party to the conversation without violating the defendant's right to confront the witnesses against him. The Supreme Court has held that the Confrontation Clause does not bar the use of statements for purposes other than proving the truth of the matter asserted. *United States v. Crawford*, 541 U.S. 36, 59 n.9 (2004); *see also United States v. Toepfer*, 317 F. App'x 857, 860 (11th Cir. 2008) ("Here, the recorded statements of [a CI and an unindicted co-conspirator] were not used to prove the truth of the matters asserted in those statements. Rather, the statements were offered merely to provide context to [the defendant's] admissions about his activities, knowledge, and intent, and thus did not run afoul of the Confrontation Clause.") ; *United States v. Valdes*, 214 F. App'x 948, 950 (11th Cir. 2007) ("Statements made by [the defendant] in the tape-recorded conversations, when presented by the Government, were not hearsay because they were admissions of a party opponent. Statements made by the informant were not hearsay because they were admitted not to prove the truth of the informant's statements but to provide context for [the defendant's] half of the telephone conversations.") (citations omitted); *see also United States v. Hendricks*, 395 F.3d 173, 184 (3d Cir. 2005) ("[I]f a defendant or his or her coconspirator makes statements as part of a reciprocal and integrated conversation with a government informant who later

becomes unavailable for the trial, the Confrontation Clause does not bar the introduction of the informant's portions of the conversation as are reasonably required to place the defendant or coconspirator's nontestimonial statements into context."). Therefore, as is anticipated here, it does not violate the Confrontation Clause to play a recording for the purpose of admitting a defendant's statements against him without calling the other participant in the conversation to testify as a witness.

        Respectfully submitted,

        A. LEE BENTLEY, III
        Acting United States Attorney

By:   *s/Sara C. Sweeney*
      SARA C. SWEENEY
      Assistant United States Attorney
      United States Attorney No. 0000119
      400 North Tampa Street, Suite 3200
      Tampa, Florida  33602
      Telephone:  (813) 274-6000
      Facsimile:  (813) 274-6178
      E-mail:  sara.sweeney@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that October 7, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

George E. Tragos, Esq.

         By: */s/ Sara C. Sweeney*
            SARA C. SWEENEY
            Assistant United States Attorney
            USA No. 119
            400 North Tampa Street, Suite 3200
            Tampa, Florida 33602
            Telephone: (813) 274-6000
            Facsimile: (813) 274-6178
            E-Mail: sara.sweeney@usdoj.gov