UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO.:  8:12-CR-45-T-35AEP

SAMI OSMAKAC

## GOVERNMENT'S MOTION FOR AN ORDER PURSUANT TO FED. R. CRIM. P. 12.2(C)(1)(B) TO ALLOW A PSYCHOLOGIST AND PSYCHIATRIST TO EXAMINE THE DEFENDANT WITHOUT DEFENSE COUNSEL PRESENT

The United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, by and through the undersigned Assistant United States Attorney, hereby moves this Court for an Order pursuant to Fed. R. Crim. P. 12.2(c)(1)(B) for a mental examination of the defendant under certain conditions.  Specifically, the government requests an Order that the examination of the defendant by the experts retained by the government take place without defense counsel's presence.[1]

The mental examination by the psychologist and psychiatrist retained by the government is currently scheduled for April 16, 2014, through April 18, 2014, at the Pinellas County Jail.[2]  The undersigned consulted with counsel for the defendant, Mr. George E. Tragos, Esq., who informed the undersigned that while he does not object to the propose examination, he does object to be being excluded from the examination.  Given the timing of the proposed examination,

---

[1]  The experts retained by the government, Dr. Robert Phillips (psychiatrist) and Dr. Paul Montalbano (psychologist), requested this condition as it is their experience that the presence of other individuals in the room can have an impact on the results of their examinations.  The curriculum vitae of both Dr. Phillips and Dr. Montalbano are attached hereto as Exhibit 1.

[2]  Dr. Phillips and Dr. Montalbano will travel from out of town to conduct the examination.

1

defense counsel does not object to this Court ordering him to submit an expedited response in opposition.

## BACKGROUND

On January 29, 2014, defense counsel provided the government with two reports from a psychiatrist and a psychologist regarding the defendant's mental condition, in particular those doctors' conclusions that the defendant "was more susceptible than the average person to be led into a path of action he would not usually choose." On February 13, 2014, the defendant filed a notice pursuant to Fed. R. Crim. P. 12.2(b) that he intended to use expert evidence relating to a mental disease or defect of the defendant bearing on the issue of guilt. It is the government's understanding that the defendant intends to present this evidence in the context of an entrapment defense, to show that he was susceptible to inducement due to a mental condition or defect.

Pursuant to Fed. R. Crim. P. 12.2(c)(1)(B), the government is entitled to examine the defendant regarding the same issue he has given notice of his intent to raise. Indeed, the defendant does not object to such an examination. The only issue of contention is the conditions of that examination, which are to be set by the Court, pursuant to the Rules.

## ARGUMENT

Defendant has no right to the presence of counsel during the examination by the experts retained by the government. Godfrey v. Kemp, 836 F.2d 1557, 1563 n.4 (11th Cir. 1988) ("Our predecessor court has held that 'a defendant has no constitutional right to have an attorney present during a psychiatric

2

evaluation.") (citing Smith v. Estelle, 602 F.2d 694, 708 (5th Cir. 1979), aff'd 451 U.S. 454 (1981)); see also United States v. Byers, 740 F.2d 1104, 1115-22 (D.C. Cir. 1984) (rejecting the argument that a defendant's Sixth Amendment rights were violated when his attorney was not allowed to attend a mental examination of him); Re v. Snyder, 293 F.3d 678, 682 (3d Cir. 2002).[3]

Beyond the fact that the defendant has no constitutional right to the attendance of his counsel, there are serious concerns by both mental health professionals (including the ones here, see ftnt.1, supra) and by the courts that the attendance of opposing counsel can have serious detrimental effects on the conduct and results of the mental examination of the defendant. Estelle v. Smith, 451 U.S. 454, 470 n.14 (1981) ("In fact, the Court of Appeals recognized that 'an attorney present during the psychiatric interview could contribute little and might seriously disrupt the examination.'"); Byers, 740 F.2d at 1120 ("Even if counsel were uncharacteristically to sit silent and interpose no procedural objections or suggestions, one can scarcely imagine a successful psychiatric examination in which the subject's eyes move back forth between the doctor and his attorney. Nor would it help if the attorney were listening from outside the room, for the subject's attention would still wonder where his eyes could not. And the attorney's presence in such a purely observational capacity, without the ability to advise, suggest, or object, would have no relationship to the Sixth Amendment's 'Assistance of Counsel.'").

---

[3] Instead, the defendant is entitled to full notice of any proposed evaluation and should enjoy full "opportunity to consult with an attorney before a psychiatric examination" to decide whether to undergo such evaluation. Godfrey, 836 F.2d at 1563 n.4. Here, the defendant has the required notice and has enjoyed the full assistance of counsel in deciding whether to submit to the examination.

Both to assuage some of the concerns raised by the absence of counsel from the examination and because it is their normal practice, Dr. Phillips and Dr. Montalbano intend to video and audio record their examination of the defendant,[4] and the government will provide this recording to defense counsel. See Byers, 740 F.2d at 1171-72 (in dissent) (suggesting that a video recording of a mental examination is "less disruptive (and perhaps even more effective) than the actual presence of counsel.").

## CONCLUSION

The government respectfully requests that this Court order, pursuant to Fed. R. Crim. P. 12.2(c)(1)(B), that the defendant submit to a mental examination by the experts retained by the government and that such examination be conducted without the presence of defense counsel. As stated herein, the government will provide a recording of the parts of the examination where the government-retained experts interact with the defendant to defense counsel.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By:   *s/Sara C. Sweeney*
SARA C. SWEENEY
Assistant United States Attorney
United States Attorney No. 0000119
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
Telephone:  (813) 274-6000
Facsimile:  (813) 274-6178
E-mail:  sara.sweeney@usdoj.gov

---

[4] The Doctors will not record portions of the examination where the defendant is taking standardized tests (i.e., filling in bubbles on a test form), but any portion of the examination where they are interacting with the defendant will be recorded.

**U.S. v. Osmakac**                                    **Case No. 8:12-CR-45-T-35AEP**

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2014, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

George E. Tragos, Esq.

By:      */s/ Sara C. Sweeney*
         SARA C. SWEENEY
         Assistant United States Attorney
         USA No. 119
         400 North Tampa Street, Suite 3200
         Tampa, Florida 33602
         Telephone:   (813) 274-6000
         Facsimile:    (813) 274-6178
         E-Mail: sara.sweeney@usdoj.gov

5