UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                          CASE NO.:  8:12-CR-45-T-35AEP

SAMI OSMAKAC

### GOVERNMENT'S MOTION IN LIMINE REGARDING OUTSIDE SOURCES

The United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, by and through the undersigned Assistant United States Attorney, hereby respectfully files this motion in limine seeking to preclude the defendant from cross examining government witnesses regarding, or otherwise referencing or seeking to introduce, a number of outside sources, including a book, blog postings, and an opinion article, which defense counsel has indicated to the undersigned that he intends to use.  These materials should be excluded from the trial in this matter as they are irrelevant and are inadmissible hearsay evidence.

### BACKGROUND

On March 5, 2014, defense counsel provided the undersigned with notice that he intends to use a number of outside sources.  Ex. 1 (letter from defense counsel dated March 5, 2014).  These sources are the contents of an entire book[1] and every footnote included in the book, two blog postings, and an opinion piece from the New York Times.

---

[1] The book referred to by the defendant is the Terror Factory by Trevor Aaronson.  The book is self-described "investigative journalism," as stated on the inside flap of the book.

The undersigned asked defense counsel for additional information on what specifically he intended to inquire about from the book, which is over 200 pages long, and contains 15 pages of notes that refer to dozens and dozens of other sources. Defense counsel responded that he did not want to limit the grounds of his cross examination and thus could provide no further details regarding what materials he intended to use from the book.

## ARGUMENT

### 1. Not Relevant

The sources the defendant intends to use do not reference this matter, are not evidence in this case, and are entirely irrelevant to this matter. They should thus be excluded from presentation during the trial. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). The sources all reference other investigations and/or the policies and procedures of the FBI. Such information is irrelevant to the defendant's factual guilt, as they do not specifically address his case, nor are they evidence of any issue that will be in contention during trial in this matter.

Further, evidence about what happened in other cases and of the FBI's policies and procedures are also irrelevant to the defendant's entrapment defense as they do not bear on the defendant's state of mind or predisposition. United States v. Smith, 817 F. Supp. 1366, 1368-69 (E.D. Ky. 1993) ("[E]vidence pertaining

2

to entrapment must, in order to be relevant, bear on the defendant's state of mind at the time he committed the illegal act. … [W]hether the government wanted to entrap [the defendant] is not relevant because only the actions that government agents undertook can prove inducement."), aff'd, 23 F.3d 409 (6th Cir. 1994); id., 817 F. Supp. at 1369 (""The law of entrapment governs this case, and whether FBI agents complied with internal guidelines is not relevant."); see also United States v. Reeves, 892 F.2d 1223, 1225 (5th Cir. 1990) ("[The informant's] conduct in unrelated matters is not pertinent to the predisposition of the appellants to commit the crimes charged" and thus was not admissible.); United States v. Rovetuso, 768 F.2d 809, 819 (7th Cir. 1985) ("In this case, we fail to understand how the conversations between the agents and [the informant] were important; rather, it was what [the informant] told the defendants which was relevant in determining whether or not they were entrapped into committing the crime."), cert denied, 474 U.S. 1076 (1986); United States v. Rocha, 2014 WL 1331018, (D. Nev. April 1, 2014) ("Assuming, for sake of argument that Detective Nichols engaged in conduct in other investigations that induced individuals to commit crimes they were not predisposed to commit, such evidence would not prove or tend to prove that [the defendant] was induced to commit a crime that he was not otherwise predisposed to commit."). Thus, even if the information in the outside sources somehow demonstrated that the government had entrapped individuals in other investigations, it would be entirely irrelevant to whether this defendant was entrapped as those cases could have no bearing on his state of mind, intent, or predisposition.

Nor is the propriety of an undercover operation in a case such as this one within the purview of the jury and should not be presented to them as an issue for their consideration.  See, e.g., United States v. Carmichael, 373 F. Supp. 2d 1293, 1297 (M.D. Ala. 2005) ("[I]n most cases, including this one, evidence questioning the adequacy of various aspects of the government's investigation itself—as opposed to the adequacy of the evidence gathered as a result of that investigation—is either irrelevant or of very little probative value, as it improperly shifts the jury's focus from the accusations against the defendant to accusations against the police."); United States v. Robbins, 197 F.3d 829, 845 (7th Cir. 1999) (upholding district court's limit on cross-examination of DEA witness regarding the extent of the investigation because it was of "marginal relevance."); United States v. McVeigh, 153 F.3d 1166, 1192 (10th Cir. 1998) ( "[U]nder our system of criminal justice, the issue submitted to the jury is whether the accused is guilty or not guilty.  The jury is not asked to render judgment about non-parties, nor is it normally asked to render a verdict on the government's investigation"); United States v. Veal, 23 F.3d 985, 989 (6th Cir. 1994) (upholding a trial court's refusal to allow a defendant to show that the government's investigation had been "sloppy" because "the jury would not be called upon to determine whether the government's investigation had been good or bad").

A district court has wide latitude to limit the scope of cross-examination where a line of inquiry calls for irrelevant information.  United States v. Carter, 760 F.2d 1568, 1581 (11th Cir. 1985) ("Limitations on cross-examination are left to the sound discretion of the district court and as long as the restriction does not interfere with

4

the defendant's right of confrontation, such limitations are permissible"). The Sixth Amendment entitles a defendant to confront an adverse witness, including through cross-examination. See e.g., Wasko v. Singletary, 966 F.2d 1377, 1381 (11th Cir. 1992). However, "this right only protects cross-examination that is relevant; the Court may limit a defendant's cross-examination when he seeks to elicit matters that are irrelevant." United States v. Russell, No. 07-20338-CR, 2008 WL 3200808 at *2 (S.D. Fla. Aug. 7, 2008). "It is axiomatic that the right to cross-examination is not absolute because the information sought to be elicited must be relevant." United States v. Diaz, 26 F.3d 1533, 1540 (11th Cir. 1994) (internal citations omitted). Thus, this Court may limit the defendant's cross examination to exclude the irrelevant issues presented by the outside sources.

Further, as the outside sources discuss literally scores of other cases, investigations, and issues, excluding inquiry into these issues will conserve judicial resources and prevent jury confusion. Fed. R. Evid. 403. If the matters considered in the outside sources were to be injected into this trial, it would require multitudes of evidence regarding entirely collateral issues in order to establish the truth or falsity of the contentions raised by the contents of an entire book and every footnote included in the book, two blog postings, and an opinion piece from the New York Times. Excluding these sources from the trial eliminates these entirely collateral issues.

### 2. Hearsay

Each of the sources the defendant seeks to use to cross examine government witnesses are inadmissible hearsay. United States v. Baker, 432 F.3d

1189, 1212 (11th Cir. 2005) ("The Miami Herald articles are also inadmissible hearsay, as they are relevant primarily to establish the truth of their contents."); United States v. Parker, 991 F.2d 1493, 1500 (9th Cir. 1993) (excluding magazine advertisements because "there was no way to guarantee their reliability"); United States v. Bartlett, 821 F.2d 650, *4 (6th Cir. 1987) (finding no error in excluding book as hearsay); United States v. Abel, 258 F.2d 485, 495 (2d Cir. 1958) (excluding newspaper article purporting to set forth the circumstances of a federal search warrant), aff'd 362 U.S. 217 (1960); Almond v. ABB Indus. Sys., 2001 WL 242548, *7-8 (S.D. Ohio Mar. 6, 2001) (holding that copies of magazine articles are "clearly inadmissible hearsay" that sometimes contain "double hearsay"); Marozsan v. United States, 849 F. Supp. 617, 639 (N.D. Ind. 1994) ('The document containing statistical information from an unidentified issue of the DAV magazine, as well as the three newspaper articles . . ., represent inadmissible hearsay.").  Thus, even if the issues the defendant raises were somehow relevant, the evidence he proposes to use is hearsay and thus inadmissible.

## Consultation with Opposing Counsel

The undersigned consulted with counsel for the defendant, George E. Tragos, Esq., who stated that the defendant opposes the relief sought by this motion.

## CONCLUSION

The government respectfully requests that this Court preclude the defendant from cross examining government witnesses regarding, or otherwise referencing or seeking to introduce, the above-referenced outside sources.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By:   *s/Sara C. Sweeney*
SARA C. SWEENEY
Assistant United States Attorney
United States Attorney No. 0000119
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
Telephone:  (813) 274-6000
Facsimile:  (813) 274-6178
E-mail:  sara.sweeney@usdoj.gov

**U.S. v. Osmakac**                                    **Case No. 8:12-CR-45-T-35AEP**

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2014, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to the following:

George E. Tragos, Esq.

By:     */s/ Sara C. Sweeney*
        SARA C. SWEENEY
        Assistant United States Attorney
        USA No. 119
        400 North Tampa Street, Suite 3200
        Tampa, Florida 33602
        Telephone:   (813) 274-6000
        Facsimile:    (813) 274-6178
        E-Mail: sara.sweeney@usdoj.gov

L:\_Criminal Cases\O\OSMAKAC, Sami_2011R00291_SCS\Trial\p_MIL re outside sources.docx