UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-v-                                                CASE NUMBER: 8:12-CR-45-T-35-AEP

SAMI OSMAKAC,

    **Defendant.**
_____/

## DEFENDANT'S TRIAL BRIEF REGARDING
## ENTRAPMENT AND DIMINISHED CAPACITY

1. The standard to determine the applicability of the entrapment defense is the subjective test. *Jacobson v. United States*, 503 U.S. 540 (1992) (reaffirming the *Sorrells-Sherman* approach). The determination hinges on whether the criminal design originates with the government and then government agents implant in the mind of an innocent person the disposition to commit a crime and induce its commission in order to breed a crime the government may prosecute. *Sorrells v. United States*, 287 U.S. 435, 444 (1932). To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal. *Sherman v. United States*, 356 U.S. 369, 372 (1958). The focus is on the defendant's propensity to commit the crime. *United States v. Russell*, 411 U.S. 423, 440 (1973). Where the government has induced an individual to break the law and the defense of entrapment is at issue, as it was in

this case, the prosecution must prove beyond a reasonable doubt that the defendant was predisposed to commit the criminal act prior to first being approached by government agents. *Jacobson*, 503 U.S. at 548-49 (citing *United States v. Whoie*, 925 F.2d 1481, 1483-84 (1991)).

2. The practical implementation, how to prove or disprove predisposition, is not specifically outlined by the Court nor are there bright line rules. Rather the predisposition inquiry requires prediction and speculation as to what a particular defendant would have done had the government not intervened. A valiant attempt to continue the logical development of predisposition came with the decision in *United States v. Hollingsworth*, 9 F.3d 593 (7th Cir. 1993), *aff'd en banc*, 27 F.3d 1196 (7th Cir. 1994). Yet, the good that may have come from the progressive analysis of the Seventh Circuit must wait for more cogent reasoning elsewhere due to its present limited acceptance.

3. *Hollingsworth* was a 1990 money laundering case involving complex facts resulting in a "positional predisposition" event. 27 F.3d at 1200. That predisposition is not merely the willingness to commit the crime but the ability to do so with the help of the government. *Id*. at 1200. The rationale behind the *Hollingsworth* reversal in thought is rooted in a belief that a person who is likely to commit a particular type of crime without being induced by government agents, although he would not have committed it when he did but for that inducement, is a menace to society and a proper target of law enforcement. *Id.* at 1203. It follows that the government creates a serious risk of inducing crime when it also provides the means for individuals to carry out crimes that they otherwise would not have

been able to commit. The defense of entrapment reflects the view that the proper use of criminal law in a society such as ours is to prevent harmful effects of improper government action.

4. In *Matthews v. United States*, 485 U.S. 58 (1988), it was set forth that an entrapment defense consists of the government's inducement of a crime and lack of predisposition on the part of the defendant to engage in the criminal conduct. *Id*. at 63. The *Matthews* opinion, citing to *United States v. Russell*, 411 U.S. 423 (1973), further explained that predisposition is "the principal element in the defense of entrapment," and in making such a determination, a court should ask the question was the defendant an "unwary innocent" or an "unwary criminal who readily availed himself of the opportunity to perpetrate the crime." *Id.*

5. The Ninth Circuit in *United States v, Bonanno*, 852 F.2d 434 (9th Cir. 1988) set forth five factors to consider when determining a defendant's lack of predisposition: the defendant's character or reputation; whether the government made the initial suggestion of criminal activity; whether the defendant engaged in the activity for profit; whether the defendant showed any reluctance; and, the nature of the government's inducement. *Id*. at 438.

6. In *Sorrells v. United States*, 287 U.S. 435 (1932), the opinion cited to the words of Circuit Judge Woods in *Newman v. United States* (C.C.A.) 299 F. 128, 131 (4th Cir. 1924), in explaining that a defendant should not be lured in to the commission of a crime. Judge Woods stated as follows:

> "When the criminal design originates, not with the accused, but is conceived in the mind of the government officers, and the accused is by persuasion, deceitful representation, or

inducement lured into the commission of a criminal act, the government is estopped by sound public policy from prosecution therefor." *Id*. at 445.

7. In *U.S. v. Jones*, 231 F.3d 508 (9th Cir. 2000), the Ninth Circuit, citing to *United States v. Davis*, 36 F.3d 1424, 1430 (9th Cir.1994), provided that the restrictions are not limited to law enforcement officers but also apply to a person whom the "government authorizes, directs and supervises." *Id.* at 517.

8. In *U.S. v. Ortiz*, 804 F.2d 1161 (5th Cir. 1986), the Court cited to *United States v. Reyes*, 645 F.2d 285, 287 (5th Cir.1981); *United States v. Boone*, 543 F.2d 412, 414 (D.C.Cir.1976); *United States v. Anglada*, 524 F.2d 296, 298 (2d Cir.1975), in establishing that the defense must demonstrate an evidentiary foundation to warrant an entrapment instruction. *Id*. at 1165. In the *Ortiz* case, the defendant neither testified nor presented any evidence to support an entrapment defense. *Id*. However, the *Ortiz* court ruled that a defendant may still be entitled to an entrapment instruction if sufficient evidence of entrapment, when viewing the evidence in the light most favorable to the accused, is established through the testimony of the government's witnesses. *Id*.

9. The issue of diminished capacity as part of an entrapment defense has been raised in several jurisdictions. One of the earliest opinions was from the Third Circuit in *United States v. Hill*, 655 F.2d 512 (3rd Cir.1981), The *Hill* court ruled that:

> "Testimony by an expert concerning a defendant's susceptibility to influence may be relevant to an entrapment defense. *United States v. Benveniste*, 564 F.2d 335, 339 (9th Cir.1977). An expert's opinion, based on observation, psychological profiles, intelligence tests, and other assorted data, may aid the jury in its determination of the crucial

issues of inducement and predisposition.... A jury may not be able to properly evaluate the effect of appellant's subnormal intelligence and psychological characteristics on the existence of inducement or predisposition without the considered opinion of an expert.

Accordingly, if the expert can reach a conclusion, based on an adequate factual foundation, that the appellant, because of his alleged subnormal intelligence and psychological profile, is more susceptible and easily influenced by the urgings and inducements of other persons, such testimony must be admitted as relevant to the issues of inducement and predisposition." *Id*. at 655.

10. The matter was later addressed in *United States v. McLernon*, 746 F.2d 1098 (6th Cir.1984). In that opinion the Sixth Circuit stated that expert testimony regarding the predisposition of the defendant was relevant but ultimately excluded the testimony as a result of a Rule 12.2(b) violation as the defendant failed to give timely notice of the expert's testimony. *Id*. at 1114-15.

11. The issue was raised in *U.S. v. Newman*, 849 F.2d 156 (5th Cir. 1988). The *Newman* court explained that the defense was a matter of first impression for that circuit. *Id*. at 165. The *Newman* court ruled that:

> when an entrapment defense is raised, expert psychiatric testimony is admissible to demonstrate that a mental disease, defect or subnormal intelligence makes a defendant peculiarly susceptible to inducement. The expert must demonstrate a proper factual foundation for his testimony either through personal interviews with or psychological testing of the defendant. Fed.R.Evid. 703; *Hill*, 655 F.2d at 516. The expert may not offer an opinion on the ultimate issues of whether the defendant was in fact induced to commit the crime or lacked predisposition. Fed.R.Evid. 704(b); *United States v. Lueben*, 812 F.2d 179, 184 (5th Cir.1987). However, **he may testify that the defendant's mental disease, defect or subnormal intelligence made him more susceptible than the usual person to persuasion by government agents or rendered him incapable of**

> **forming the specific state of mind required for the offense**." *Id*. (emphasis added).

12. One of the more recent cases was *U.S. v. McMahan*, 129 Fed.App. 924 (6th Cir. 2005). In the *McMahon* case the defendant claimed the defense of entrapment with diminished capacity. *Id*. at 930. However, the district court refused to give the entrapment instruction to the jury. *Id*. The *McMahan* court explained that a defendant has the burden of presenting evidence in support of both elements of the defense in order for the instruction to be given. In *McMahan* the defendant's argument in support of the jury instruction was that he suffered diminished capacity which elevated his susceptibility to the government's inducement. *Id*. The trial court held that:

> at the time of this offense, the defendant did not have a significantly reduced mental capacity because he did not have a significantly impaired ability to understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason. *Id*.

The Sixth Circuit found that ruling to be convincing and upheld the lower court's ruling not to give the entrapment instruction to the jury. *Id*.

13. In the current case, the defense should be allowed to produce evidence of the defendant's diminished capacity if they first present enough evidence to warrant an entrapment defense. The government does not mention this use of diminished capacity in its trial brief. However, it submitted to this court the idea that only the limited nature in which they described is proper use for diminished capacity. The case law seems to suggest otherwise. The cases mentioned above clearly stand for

the proposition that diminished capacity may be allowed to explain a defendant's susceptibility in an entrapment case.

>Respectfully submitted,
>
>Law Offices of Tragos & Sartes, P.L.
>
>*/s/ George E. Tragos, Esq.*
>George E. Tragos, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 14th day of May 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing the following: United States Attorney's Office, 400 N. Tampa Street, Room 3200, Tampa, Florida 33602. I further certify that I mailed the foregoing document and the notice of electronic filing by first - class mail to the following non-CM/ECF participants: _____.

>LAW OFFICES OF TRAGOS & SARTES, P.L.
>
>*/s/ George E. Tragos, Esq.*
>GEORGE E. TRAGOS, ESQ.
>601 Cleveland Street, Suite 800
>Clearwater, FL 33755
>(727) 441-9030
>SPN 00000117
>Florida Bar No. 184830
>E-mail: greek.law@verizon.net