UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs

**SAMI OSMAKAC**

Case Number. 8:12-cr-45-T-35AEP
USM Number: 55958-018

George E. Tragos, Retained

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty to Counts One and Two of the Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2332a(a)(2) | Attempted Use of Weapons of Mass Destruction | January 7, 2012 | One |
| 26 U.S.C. §§ 5861(d) and 5871 | Possession of Unregistered Firearm | January 7, 2012 | Two |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

November 5, 2014

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

November 5, 2014

AO 245B (Rev. 4/09) Judgment in a Criminal Case

**Sami Osmakac**
**8:12-cr-45-T-35AEP**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **FOUR HUNDRED AND EIGHTY (480) MONTHS. This term consists of FOUR HUNDRED AND EIGHTY (480) MONTHS as to Count One and ONE HUNDRED AND TWENTY (120) MONTHS as to Count Two, all such terms to run concurrently.**

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Sami Osmakac
8:12-cr-45-T-35AEP

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **LIFE. This term consists of LIFE as to Count One and THIRTY-SIX (36) MONTHS as to Count Two, all such terms to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons. The defendant shall not commit another federal, state or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Sami Osmakac
8:12-cr-45-T-35AEP

11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

2. The defendant shall submit to a search of your person, residence, place of business, any storage units under the defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. You shall inform any other residents that the premises may be subject to a search pursuant to this condition.

3. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $200.00 | waived | n/a |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Preliminary Order of Forfeiture, that are subject to forfeiture.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:12-cr-45-T-35AEP

SAMI OSMAKAC

## PRELIMINARY ORDER OF FORFEITURE

The United States moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(G), 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c), for a preliminary order of forfeiture for the following assets:

(1) $500.00 in U.S. currency as down payment on $2,500.00 toward the purchase of firearms, explosives, and a car bomb.

(2) One fully automatic AK-47, Serial No. 1978IL 3611;

(3) One drum magazine containing various rounds of ammunition;

(4) Various rounds of ammunition;

(5) One .45 caliber Colt pistol, Serial No. SF12925E, and ammunition;

(6) One magazine for the Colt pistol and various rounds of .45 caliber ammunition;

(7) One black duffle bag;

(8) Two (2) firearm component magazines;

(9) One magazine pouch with three firearm component magazines;

(10) One green ammunition can;

(11) One brown bag with 6 items made of PVC pipe and other materials designed to resemble grenades;

(12) One item designed to resemble an explosive vest, including eight items made of PVC pipe and other materials designed to resemble explosives;

(13) One maroon bag;

(14) Batteries and a plastic container;

(15) One Metro PCS cellular phone, serial number YSA9MA10A2130369;

(16) One item designed to resemble a detonating device made of an orange case containing a Nokia cellular phone, timer, electronic blasting cap, and two 9 Volt batteries;

(17) One item designed to resemble a vehicle born explosive device made of 2 orange buckets, which contain detonation cords, cast boosters, urea, diesel fuel, and other materials, as well a wooden carrier used to carry the device;

(18) Sony Bloggie Mobile HD Snap Camera, Model MHS-TS10, serial number 1625707;

(19) One Samsung cellular phone, MEID # 268435460709240842; and

(20) 1994 Honda Accord, Vehicle Identification Number 1HGCD5639RA177526, registered to Asllan Osmakac.

Following a jury trial, Sami Osmakac was found guilty of attempting to use weapons of mass destruction, specifically, destructive devices as defined in 18 U.S.C. § 921(a)(4)(A), including explosives, grenades and similar devices, in violation of 18 U.S.C. § 2332(a)(2), as charged in Count One of the Indictment. The jury also found Osmakac guilty of possessing an unregistered firearm,

specifically an AK-47 machine gun, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5971, as charged in Count Two.  Osmakac waived his right to a jury determination of the forfeiture.

Being fully advised in the premises, the Court finds that the assets described above were acquired by Sami Osmakac with the intent and for the purpose of supporting, planning, and conducting a terrorist attack, and were intended to be used to commit the terrorism offense described in Count One. Thus, they are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c).

The Court further finds that the United States has established the nexus between the AK-47 machine gun, serial number 1978IL 3611, and the violation alleged in Count Two of the Indictment, and therefore the firearm is forfeitable under 18 U.S.C. §§ 5872, 924(d)(1), and 28 U.S.C. § 2461(c).

Pursuant to Rule 32.2(b)(2), the United States is entitled to possession of these assets.

Accordingly, it is **ORDERED**

That, pursuant to 18 U.S.C. § 981(a)(1)(G), 18 U.S.C. §§ 5872, 924(d)(1), and 28 U.S.C. § 2461(c), the assets described above are FORFEITED to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c).

The Court retains jurisdiction to enter any order necessary for the forfeiture and disposition of the assets, and to address any third party interests that may be asserted.

**DONE AND ORDERED** in Tampa, Florida this 30th day of October, 2014.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
All Parties/Counsel of Record