**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs. CASE NO. 8:12-cr-45-T-35AEP
March 1, 2013
Tampa, Florida
11:02 - 11:18 a.m.

SAMI OSMAKAC,

Defendant.
_________________________________/

TRANSCRIPT OF HEARING
(Document No. 89)
BEFORE THE HONORABLE ANTHONY E. PORCELLI
UNITED STATES MAGISTRATE JUDGE

**APPEARANCES:**

For the Government: SARA C. SWEENEY, ESQ.
Assistant U.S. Attorneys
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000

For the Defendant: RAFAEL E. FERNANDEZ, ESQ.
109 South Moody Avenue
Tampa, Florida 33609
813/251-5991

GEORGE E. TRAGOS, ESQ.
601 Cleveland Street, Suite 800
Clearwater, Florida 33755
727/441-9030

Transcriptionist: Howard W. Jones, RPR, FCRR
801 N. Florida Avenue, Suite 15A
Tampa, Florida 33602
813/301-5024

Proceedings transcribed via courtroom digital audio recording by transcriptionist using computer-aided transcription.

P R O C E E D I N G S

(Court called to order.)

THE COURT: Good morning.

MR. FERNANDEZ: Good morning, Your Honor.

THE COURT: All right. This matter is set for a competency hearing at the defendant's request to contest the findings of Dr. Debra Goldsmith. Let me just note for the record it's my understanding, though, there may have been some change in position regarding whether the hearing is necessary or not. So where are we at in this matter at this time?

Mr. Fernandez, if you want to speak to that.

MR. FERNANDEZ: Yes, Your Honor, Ralph Fernandez on behalf of Defendant Osmakac. Your Honor, what happens is we had a candid discussion afterwards, after the hearing, and I asked the government to help me see if there would be any change in the event that the extensive submission that I've prepared, which I was very concerned about the psychologist not having addressed, at least from my perspective.

And so the government was kind enough to have direct contact and after they spoke to the psychologist, she said that it would not matter. And if I'm paraphrasing something inaccurately, I'm sure Ms. Sweeney will correct me.

So then, given the totality of the complications that we are also facing with it, if that would not change anything at that stage, then I would be invading the province of Mr. Tragos, who is ready to step in as of today. And so I -- at that point, you know, I saw that it was an exercise in futility and I have preserved those rights consistent with the prior order of Judge Scriven dating back some time.

THE COURT: Well, Mr. Fernandez, I think you've acted more than appropriately in the matter and I just want to summarize it as well for the record and if you think I misstate anything, please correct me.

But after Dr. Goldsmith's report was issued and provided to the parties at the original status hearing regarding the matter, you expressed concern. And to note, prior to that, the record was clear, you had both filed a motion to be relieved from the case and Mr. Osmakac himself had asked that you be relieved from the case. At that time I expressed concern, given the nature of the outstanding requests that the defendant be evaluated for competency, and denied the request to remove you from the case.

Dr. Goldsmith has done her review and based upon the report has indicated a determination that the defendant is competent to proceed. You expressed at the status hearing your concern in regard particularly, which was some

of the underlying factors for the reason for the competency evaluation, regarding whether Mr. Osmakac was having any hallucinations or hearing voices or any of those matters and you were concerned that there was evidence of record that during the investigation there may be some information pertaining to that and you thought that would be valuable for Dr. Goldsmith's consideration in making her determination. And simply stated, as I understood your position, you wanted the opportunity to cross-examine Dr. Goldsmith to inquire as to whether there was any consideration of that in her determination of competency.

And as you just expressed now, the government has proffered to you after consultation with Dr. Goldsmith that even taking into consideration those matters, it would not change her determination as to competency. And so as a result, you're going to stipulate to her findings; is that accurate?

MR. FERNANDEZ: Yes, Your Honor.

THE COURT: All right. Ms. Sweeney, have I misstated anything or is that an accurate recitation of it?

MS. SWEENEY: That was all accurate, Your Honor.

THE COURT: All right. Well, let me note I have reviewed the report in full. I am fully satisfied, based upon the findings of Dr. Goldsmith, that Mr. Osmakac is competent to proceed in this matter.

I also want to add beyond what is reflected in the report that when the Court conducted an in-camera consultation, both with Mr. Fernandez -- excuse me, in-camera colloquy with Mr. Fernandez and at the time with Mr. Osmakac, when Mr. Osmakac was expressing to the Court that he wanted to proceed without Mr. Fernandez, it was my observations at that time, and I think the record would accurately reflect, that Mr. Osmakac understood everything that was being discussed at the hearing, he expressed his concerns regarding the process of the underlying motions, I had no problems communicating with him, and I thought he was certainly well aware of the situation at that time. And so I think that also echoes, to some extent, based upon this Court's observations at that hearing, as well as other hearings, Dr. Goldsmith's findings. So I am going to enter a written order finding that the defendant is competent to proceed in this matter.

So in that light, Mr. Osmakac, I want to ask you, sir, I'm going to revisit your prior request where you asked to relieve Mr. Fernandez from your case because you want Mr. Tragos to come into your case. Is that correct, sir?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Mr. Tragos, are you prepared to enter a general appearance in this matter?

MR. TRAGOS: Your Honor, if the Court will give me

about two minutes?

THE COURT: Take your time.

(Pause in proceedings.)

MR. TRAGOS: Your Honor, I am prepared to enter a general appearance at this time.

THE COURT: All right. Mr. Osmakac, let me advise you again, we discussed this previously, it's important you understand, sir, that your case is scheduled for trial. It's on the District Court's trial docket. And although you are requesting to change counsel at this point, that does not mean that the Court will in any way interrupt the trial docket.

In other words, as you know and I don't need to explain to you, you are facing very serious charges and the evidence, as I understand it, is voluminous and some issues can be complicated. Mr. Fernandez, who's spent some extensive time on your case, based upon the pleadings I've seen, has a good understanding of the case.

With that said, I have no doubt Mr. Tragos will be able to come in and in relatively quick time get up to speed. But nonetheless, you need to understand that even if he needed more time and asked the Court for more time, there's no guarantee the Court will give that. If the Court decides it wants to go forward with the trial, it may do so.

Do you understand that, sir?

THE DEFENDANT: Yes.

THE COURT: Even being advised of that, sir, do you still want Mr. Tragos to represent you in this matter?

THE DEFENDANT: Yes, sir.

THE COURT: All right. I'm going to grant that request.

I'm going to enter a separate written order directing that, Mr. Fernandez, you be relieved of all further responsibilities and direct that Mr. Tragos be referenced as attorney of record in this matter.

Mr. Tragos, if you could just enter your notice of appearance later today, I'd appreciate that.

Lastly, Mr. Fernandez, I'm going to direct that you provide all discovery that you have received from the government to Mr. Tragos.

Mr. Tragos, if you have any concerns as to what's been provided and you want to confirm, either based upon the letter the government provided to Mr. Fernandez, I would suggest you consult with the government, but I'm not going to direct the government provide any additional discovery beyond what's already been provided to Mr. Fernandez at this point.

Let me note there are some outstanding motions in that regard. Mr. Fernandez filed some discovery requests based upon alleged *Brady* material and certain information

related to the FISA information. At Document No. 82 is the Brady request. Document No. 84 is the FISA request. Document No. 85 is a motion to strike indicating the government felt it more appropriate that defense consult with the government prior to filing the motions. And then at Document No. 88 is a request to file an extension to respond to that.

Mr. Tragos, let me just ask you, do you want those motions to remain pending? It would be my intent to just simply deny those motions without prejudice and if you wanted to file your own motions, you may do so.

MR. TRAGOS: Your Honor, I think I'd like them to remain pending. I believe the government requested a 30-day -- 30 days to respond. And I, as well -- I think Mr. Fernandez said he had no objection. I, as well, have no objection to giving them those 30 days to respond. I may do some amending of those --

THE COURT: Right. And that's what I was anticipating, so let me ask you this for more procedural purposes: I just simply was intending to deny them without prejudice, that way the government can meet and confer with you and then if you think there is any additional matters that need to be addressed after that, you could file separate motions.

MR. TRAGOS: Your Honor, I hate to have the

Court -- I'd rather have them pending.

THE COURT: All right.

MR. TRAGOS: I could always withdraw them if --

THE COURT: All right. That's fine.

MR. TRAGOS: -- that's the case. But I think I'd rather have them pending. I still will be discussing things with the government during that time. Like I said, there's a 30-day response window here. I'm sure there may be some amending, but I think I'd rather have them pending.

THE COURT: When's the next status scheduled? Is there another status scheduled, Ms. Sweeney?

MS. SWEENEY: Your Honor, we do written statuses on the 15th of every month.

MR. TRAGOS: Your Honor, I know that the Court will probably communicate with Judge Scriven on this in some manner. The defense will probably be asking for a continuance of the trial. The government has no objection to the continuance. I will be filing a written motion probably next week on that.

THE COURT: Do you know at this time how much time you're going to be requesting?

MR. TRAGOS: I spoke with the government about continuing this to the end of August, because the FICA issues -- FICA, I'm sorry. Used to saying FICA. Those issues, Your Honor, take time to resolve. There are

hearings, various things that have to be done by the government, as well as by the defense, in order to deal with those issues. It takes some time. I know in the past it's always taken time to deal with those issues.

THE COURT: All right. Mr. Tragos, there's no need for me to comment on that. Obviously, Judge Scriven will take that up. But as to the 30 days, I find that more than reasonable in light of what's laid out in the pending motions.

So I'm going to leave the motions pending. I'll direct the government to file a response or file a notice with the Court that the motions are moot within 30 days of today's date. If there is a resolution, obviously, those matters would be moot; if not, file a response and I'll likely set a hearing on the matter as well.

All right. Mr. Tragos, anything else?

MR. TRAGOS: Yes, Your Honor. I was going to tell the Court, if I do file any amended motions amending these existing motions, perhaps now we can just go ahead and set as a -- to make it easier, save us some time, that the government would have 30 days to respond to the amended motions, so that -- because I know I'm going to probably amend that one motion, I know the government's going to want 30 days to respond to it and I have no objection.

THE COURT: Well, I'm not sure what we're

discussing here. Is this amending motions to what is already pending?

MR. TRAGOS: It would be, Your Honor, a slight -- there will be a slight change to --

THE COURT: The pending motions, Mr. Tragos?

MR. TRAGOS: Yes, Your Honor.

THE COURT: All right. So as I understood it, though, what I just indicated was 30 days, an opportunity for you to confer with the government as to whether they're going to give you the discovery. If they do not, then they have to respond. But you're telling me you want to amend the motion as it's filed now?

MR. TRAGOS: The government and I have had discussions. There does need to be an amendment to the FISA motion. It's technical more than substantive. I will be making the technical amendment. When I make that technical amendment, what I'm saying to the Court is I have no objection to the government having 30 days to respond once I make the technical amendment to the motion. It's not a very substantive change.

MS. SWEENEY: Your Honor?

THE COURT: All right. Ms. Sweeney?

MS. SWEENEY: May I just comment? I greatly appreciate Mr. Tragos's offer there. I think for the time -- I did discuss with Mr. Tragos prior to this hearing

an addition that needed to be made to one of the motions so that it was actually requesting what I believe was intended to be requested. If that change is made, the government may need more than 30 days to respond to the motion. So I'd rather just leave things as they are and if that change occurs, the government will address what we need at that point.

THE COURT: All right. Well, it sounds to me like it's a separate request and if that's the issue, rather than calling it an amendment, it'll just be an additional motion. So as to the pending motions, there would be the 30-day period to meet and confer. If they're resolved or become moot by other matters, then a notice could be filed, otherwise the government's going to have to respond from 30 days from today's date.

MR. TRAGOS: Your Honor, I do have one other request to make of the Court.

THE COURT: All right.

MR. TRAGOS: I know the Court would not order this, but I'm asking if the Court could request this. Given the nature of the case, right now the defendant is being housed at Pinellas County jail. It certainly is the convenient place for me to consult with him during the course of what we're going to be doing here. I would just ask if the Court could just request that he remain in the

Pinellas County jail, not -- I know the Court can't order it, but I know the Marshal takes the Court's requests seriously.

THE COURT: Mr. Osmakac, have you remained at the Pinellas County jail this whole time period, sir?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Well, Mr. Tragos, you're absolutely right, I'll certainly - and the Marshal's here - request that and recommend it given the nature of this case. Certainly in the end, as you know, because of limited space, the Marshal's have to do what they can to accommodate all matters before the Court. But I'll note that for the record and I'll also discuss it with the Marshal as well, if it's possible.

MR. TRAGOS: Thank you, Your Honor.

THE COURT: All right. Anything else at this time?

MS. SWEENEY: No, Your Honor. Thank you.

THE COURT: All right. Mr. Tragos, anything else?

MR. TRAGOS: No, Your Honor.

THE COURT: All right. Mr. Fernandez, I just want to note I appreciate your professionalism, I think you handled each of the matters appropriately. We appreciate your time in the matter and, as I stated, you're fully relieved from the case.

MR. FERNANDEZ: Your Honor, thank you very much. I understand that my motion to withdraw precipitated a great deal of activity which imposed on your staff and on yourself and I am deeply grateful.

THE COURT: I understand the circumstances.

Thank you. We'll be in recess.

(Proceedings concluded.)

**C E R T I F I C A T E**

I, Howard W. Jones, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s ***Howard W. Jones***

Howard W. Jones, RPR, FCRR
Official Court Reporter
United States District Court
Middle District of Florida
Tampa Division