```
                        UNITED STATES DISTRICT COURT
                         MIDDLE DISTRICT OF FLORIDA
                              TAMPA DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

     vs.                         CASE NO. 8:12-cr-45-T-35AEP
                                 May 23, 2014
                                 Tampa, Florida
                                 11:41 - 11:51 a.m.

SAMI OSMAKAC,

                    Defendant.
_____/


                          TRANSCRIPT OF HEARING
                            (Document No. 287)
              BEFORE THE HONORABLE ANTHONY E. PORCELLI
                   UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Government:   SARA C. SWEENEY, ESQ.
                      Assistant U.S. Attorneys
                      400 N. Tampa Street, Suite 3200
                      Tampa, Florida 33602
                      813/274-6000

For the Defendant:    GEORGE E. TRAGOS, ESQ.
                      601 Cleveland Street, Suite 800
                      Clearwater, Florida 33755
                      727/441-9030

Transcriptionist:     Howard W. Jones, RPR, FCRR
                      801 N. Florida Avenue, Suite 15A
                      Tampa, Florida 33602
                      813/301-5024



Proceedings transcribed via courtroom digital audio
recording by transcriptionist using computer-aided
transcription.
```

```
 1                      P R O C E E D I N G S
 2              (Court called to order.)
 3              THE COURT:  Good morning.  Let's call the case,
 4    please.
 5              THE DEPUTY CLERK:  Certainly.  United States vs.
 6    Sami Osmakac, Case 8:12-cr-45-T-35AEP.
 7              THE COURT:  All right.  Counsel, please state your
 8    appearance for the record.
 9              MS. SWEENEY:  Good morning, Your Honor, Sara
10    Sweeney on behalf of the United States and with me is
11    Special Agent Jacob Collins from the FBI.
12              THE COURT:  Good morning to you both.
13              MR. TRAGOS:  George Tragos on behalf of the
14    defendant.
15              THE COURT:  Thank you, Mr. Tragos.  Good morning.
16              Good morning, Mr. Osmakac.
17              THE DEFENDANT:  Good morning.
18              THE COURT:  All right.  I set this hearing based
19    upon the Court sua sponte entering an order.  The matter was
20    referred to me from the District Court based upon
21    representations at the prior status conference raising some
22    concern regarding Mr. Osmakac's mental status.  I ordered an
23    additional report.  I'll note procedurally for the record,
24    this is the second consultation report done by
25    Dr. Goldsmith.  There had also been one by Dr. Taylor as
```

```
 1  well.  I have reviewed the report, which is dated May 17th.
 2  I'm assuming the parties have had an opportunity to review
 3  the report.
 4            Ms. Sweeney?
 5            MS. SWEENEY:  Yes, Your Honor.
 6            THE COURT:  Mr. Tragos?
 7            MR. TRAGOS:  Yes, Your Honor.
 8            THE COURT:  All right.  Mr. Tragos, is there going
 9  to be any objections to the report?
10            MR. TRAGOS:  Your Honor, on October 4th, 2013,
11  Docket No. 176, we filed an objection to Dr. Goldsmith doing
12  that examination.  The Court issued an order, Docket
13  No. 191, that although the -- making two findings basically:
14  One, that our objections to the qualifications and bias of
15  Dr. Goldsmith were unfounded and without merit, and the
16  second was that the Court did appoint another doctor because
17  of the medication issue with regard to the defendant.  And
18  therefore, Dr. Goldsmith did not do that examination, but
19  Dr. Taylor did.
20            We have the same objections to Dr. Goldsmith that
21  we had with regards to the October 2013, Docket No. 176.  We
22  do -- I mean, I do recognize that Dr. Goldsmith did find the
23  defendant competent to stand trial and I understand they're
24  her findings, but we still believe that, again, the two
25  other items with regards to her bias and prejudice and the
```

1  issue with regards to the effect of medication on the
2  defendant are still objections we have to Dr. Goldsmith.
3           THE COURT:  All right.  Let me just back up for a
4  moment.  Am I wrong, Mr. Tragos, in what I stated previously
5  on the record, that this report was done based upon a
6  sua sponte request by the Court and that the defense never
7  requested an evaluation?
8           MR. TRAGOS:  Yes.  But then the Court asked the
9  defense at the hearing, I think unnecessarily, but did ask
10 the defense at the hearing if we wanted to go ahead and go
11 forward with it and we said yes.
12          THE COURT:  All right.
13          MR. TRAGOS:  But the Court did -- the initial
14 raising of the issue was the Court raising the issue, not
15 the defense.
16          THE COURT:  All right.  The next question is:
17 What in the report -- I understand your concern, which is
18 why I previously allowed the second examination to go
19 forward with Dr. Taylor.  What is your concern as outlined
20 by Dr. Goldsmith in this report?  And without getting into
21 detail on the record, this report was generated for an
22 express concern based upon events occurring at the jail,
23 nothing else new other than what was, as I understand it,
24 some indication of -- by your client.  And so there was a
25 concern and events occurred at the jail, which was the

1   result of the Court indicating sua sponte that it may order
2   an additional consultative -- or an evaluation.
3          I'm asking you, other than the general objection
4   as to whether as a psychologist, as compared to a
5   psychiatrist, what is it in the report that Dr. Goldsmith
6   generated that you feel does not adequately reflect the
7   competency as opined by Dr. Goldsmith?
8          MR. TRAGOS:  Your Honor, I'm not a mental health
9   expert.  I cannot evaluate myself Dr. Goldsmith's report,
10  findings, and what she determined to be relevant or not
11  relevant.  I do note that in the report she mentions
12  prominently the medication that the defendant is on, should
13  be on, maybe isn't on, should be taking, isn't taking --
14          THE COURT:  Which is not different from what
15  medication the defendant was on when Dr. Taylor evaluated
16  him.
17          MR. TRAGOS:  Again, maybe the Court did make that
18  comparison.  I did not make the comparison that he's on the
19  same medication as when Dr. Taylor -- so I can't comment on
20  that.  But --
21          THE COURT:  But, Mr. Tragos, if we're going to --
22          MR. TRAGOS:  Yes, sir.
23          THE COURT:  -- object to this, we need to resolve
24  it now.  And so factually, if there is a change in the
25  circumstances other than what was the Court's concern, you

```
 1   need to let me know.  So in other words, if you're
 2   indicating that you have a concern regarding your client's
 3   competency because -- and you want to object to the
 4   competency finding because of some reason other than what
 5   you feel, because we have a psychologist rather than a
 6   psychiatrist doing the evaluation, I need to know that.  So
 7   if you tell me that there was a change in the medication or
 8   if it's just simply you feel that the subsequent report
 9   should have been done by Dr. Taylor again, who I can tell
10   you was unavailable, but if you felt it should have been
11   done by Dr. Taylor again just because there is medication, I
12   need to know the distinction there.
13              MR. TRAGOS:  Okay.  The Court did say something, I
14   want to make sure.  The Court did try to contact Dr. Taylor
15   to do this evaluation?
16              THE COURT:  Yes.
17              MR. TRAGOS:  Okay.  Your Honor, I don't have
18   anything other than what I previously stated in Docket
19   No. 176 that I'm renewing.  I don't have anything in
20   addition to that, no.
21              THE COURT:  All right.  Thank you.
22              All right.  Let me make that clear for the record.
23   The Court did attempt, given the concerns expressed by
24   Mr. Tragos originally and for consistency, to have
25   Dr. Taylor do the follow-up evaluation.  Dr. Taylor was
```

```
 1   unavailable.  The matter is scheduled for trial.  Since
 2   Dr. Goldsmith had done a prior evaluation and given that
 3   there seems to be no -- factually no -- nothing changed in
 4   the medication, the Court finds it appropriate and allowed
 5   Dr. Goldsmith to conduct the third evaluation.
 6            Is there any objection, Ms. Sweeney?
 7            MS. SWEENEY:  No, Your Honor.
 8            THE COURT:  All right.  Mr. Tragos' objection is
 9   noted for the record, but I am going to enter an order
10   finding, based upon Dr. Goldsmith's opinion as expressed in
11   the May 17th report and evaluation, that the defendant is
12   still competent to proceed to trial.
13            All right.  Is there anything else we need to take
14   up at this time?
15            MS. SWEENEY:  Not from the government.
16            THE COURT:  All right.  Mr. Tragos, anything else?
17            MR. TRAGOS:  Yes, Your Honor, since we have this
18   opportunity.  The defendant has been trying to get a haircut
19   prior to trial and we've been unsuccessful in getting him a
20   haircut and I was wondering if perhaps the Court or the
21   Marshal's Service might be able to contact them about giving
22   him a haircut and nail clippings prior to the trial on
23   Tuesday, the beginning of the trial.
24            THE COURT:  I will do that, Mr. Tragos.
25            MR. TRAGOS:  Thank you, Your Honor.  Also, Your
```

```
 1   Honor, we have an issue with regards to the dress of the
 2   defendant at trial.  The defendant wishes to -- and I'll
 3   spell this, t-h-o-b-e, which is the robe-looking garment
 4   traditionally worn -- and a turban --
 5           THE DEFENDANT:  And a cuffe.
 6           MR. TRAGOS:  And a cuffe?
 7           THE DEFENDANT:  Yeah.
 8           MR. TRAGOS:  And a cuffe for trial.  The family is
 9   unwilling to provide these things to the defendant.  The
10   defendant, on the 13th of May 2013, was declared indigent by
11   the Court and that related to a daily transcript that I
12   believe the government is going to order.
13           I don't know if you're still going to do that.
14           But that the government is going to order in this
15   case.  He does not have the funds himself to go out and buy
16   these things and we're wondering if the Court would
17   authorize funds for him to go and buy these items since the
18   family is not willing to provide them.
19           THE COURT:  You're asking the Court to provide
20   funds to provide clothing in general or specific clothing
21   that the defendant will --
22           MR. TRAGOS:  Specific clothing, Your Honor.
23           THE COURT:  Well, I can tell you right now it will
24   not be my intent to order specific clothing.  As you know,
25   the Court will make accommodations in circumstances such as
```

1  this to have alternative clothing available, which is
2  nothing in specific.  But as to any type of clothing, unless
3  you've got authority to support that, I know of no authority
4  which would require the Court to purchase any specific type
5  of clothing.  But I will look into it further and get a
6  decision to you if that is different, but -- I'll confer
7  with the District Court as well, as far as what clothing is
8  available if the family members are not willing to provide
9  any alternative clothing.
10              MR. TRAGOS:  Thank you, Your Honor.
11              THE COURT:  All right.  We'll be in recess.  Thank
12 you.
13              (Proceedings concluded.)

1 **C E R T I F I C A T E**

2      I, Howard W. Jones, certify that the foregoing is
a correct transcript from the record of proceedings
3 in the above-entitled matter.

4

5                              /s **Howard W. Jones**
                              _____
6                              Howard W. Jones, RPR, FCRR
                              Official Court Reporter
7                              United States District Court
                              Middle District of Florida
8                              Tampa Division

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25